UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RODNEY J. PERRY,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 1:13 CV 1 JM |
| **INDIANA STATE PAROLE BOARD,** *et al.*, | ) |
| **Defendants.** | ) |

## OPINION and ORDER

Rodney J. Perry, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE # 1, 2.) The court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint before service on the defendant, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Perry is suing the Indiana State Parole Board and other state defendants, claiming that he is being improperly subjected to certain conditions while on parole. According to the complaint, Perry was convicted of two sex offenses in June 2000 and sentenced to concurrent 10-year sentences on each count. He was paroled in January 2005. In August 2009, he was convicted of two counts of forgery and one count of failing to register as a sex offender, and sentenced to an aggregate six-year term. In January

2010, his parole was revoked on the year-2000-sex-offense convictions (apparently due to his new offenses), and he was ordered to serve additional time in prison. He was released on parole in October 2012. In his view, he is on parole for the forgery offenses, whereas the parole board apparently views him as on parole for the sex offenses. He claims the board is requiring him to comply with certain parole conditions applicable to sex offenses, including participation in a sex offender treatment program, which he believes is a violation of his rights under the Fifth and Fourteenth Amendments. He requests that this court order his release from parole on the sex-offense convictions and that he be "restored to regular parole for his forgery case." (DE # 1 at 5.)

This case cannot proceed under 42 U.S.C. § 1983. As the United States Court of Appeals for the Seventh Circuit has explained:

> For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973). Attacks on the fact or duration of the confinement come under § 2254. *Id.*; *Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir.2000) (per curiam). For parolees, the question is more metaphysical, because the "conditions" of parole are the confinement. Requirements that parolees stay in touch with their parole officer, hold down a job, steer clear of criminals, or . . . obtain permission for any proposed travel outside the jurisdiction, are what distinguish parole from freedom. It is because of these restrictions that parolees remain "in custody" on their unexpired sentences and thus may initiate a collateral attack while on parole. *See Jones v. Cunningham*, 371 U.S. 236, 242–43, 83 S. Ct. 373, 9 L. Ed.2d 285 (1963); *see also Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed.2d 540 (1989) (per curiam).

*Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). Thus, when a parolee seeks relief from the conditions of his parole, the appropriate remedy is a habeas petition, not an action under 42 U.S.C. § 1983. *Id.* at 579-80.

Here, Perry is challenging certain conditions of his parole and is seeking "release" from parole on the sex offenses he committed. Such relief must be pursued in a habeas petition under 28 U.S.C. § 2254. *See Preiser*, 411 U.S. at 500; *Williams*, 336 F.3d at 580-81. Accordingly, the complaint will be dismissed, but the dismissal will be without prejudice to Perry's right to pursue his claims in a habeas petition after he exhausts his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Williams*, 336 F.3d at 580 ("Normally, collateral attacks disguised as civil rights actions should be dismissed without—rather than with—prejudice. That resolution allows the plaintiff to decide whether to refile the action as a collateral attack after exhausting available state remedies.").

For these reasons, the motion for leave to proceed *in forma pauperis* (DE # 2) is **DENIED** and the complaint (DE # 1) is **DISMISSED WITHOUT PREJUDICE** as stated herein.

**SO ORDERED.**

Date: January 16, 2013

                                       s/James T. Moody
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT